```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Paul Murphy,                       :
        Plaintiff,                 :
                                   :
    v.                             :    File No. 1:04-CV-342
                                   :
Correctional Medical               :
Services, Dr. Miller,              :
Tom Buck, P.A.,                    :
        Defendants.                :
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 21)

Plaintiff Paul Murphy brings this action claiming that in mid-December, 2004, the defendants did not respond adequately to his medical needs. Murphy has now moved to dismiss his claims. (Paper 21). The Court construes Murphy's filing as a motion brought pursuant to Fed. R. Civ. P. 41(a)(2). The defendants have joined in the motion to dismiss, but have requested that dismissal be with prejudice. (Paper 22).

Federal Rule of Civil Procedure 41(a)(2) provides that, in the absence of a stipulation of dismissal by the parties, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." In determining whether to dismiss without prejudice, the court should weigh the following factors:

the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on the plaintiff's part; the extent to which the suit has progressed, including the defendants' efforts and expenses in preparation for trial; the duplicative expense of re-litigation; and the adequacy of the plaintiff's explanation for the need to dismiss.  Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).  "Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result."  Gap, Inc. v. Stone Int'l Trading, Inc., 169 F.R.D. 584, 588 (S.D.N.Y.), aff'd, 125 F.3d 845 (2d Cir. 1997) (citations omitted).

This case has been pending for over eight months.  Nonetheless, the parties are still in the initial stages of discovery.  In fact, although a stipulated discovery schedule was filed in May, 2005, there is no indication on the docket of any discovery activity since that time.  Therefore, in terms of the progress of the case, Murphy was reasonably diligent in filing his motion.

There is no suggestion by the defendants that Murphy has acted vexatiously.  Furthermore, the duplicative expense of re-litigation will be minimal given that the defendants' filings have consisted of an answer, a motion for extension of time, a discovery schedule, and three short responses to Murphy's discovery motions.  Indeed, the defendants do not argue that they will be severely prejudiced if the Court's dismissal allows Murphy to bring his claims again at some future date.

In support of their request for dismissal with prejudice, the defendants claim only that "[p]laintiff is litigating multiple suits and defendants should have finality once an action is dismissed."  (Paper 22). While it is true that Murphy has other actions pending, the defendants do not argue that those cases bear any relationship to the claims raised here.  Without a showing that Murphy's litigation has been either vexatious or duplicative, or that severe prejudice will result from dismissal without prejudice, the Court should not penalize Murphy for having multiple actions pending at the same time.  I therefore recommend that the complaint in this case be dismissed without prejudice.

<u>Conclusion</u>

For the reasons set forth above, I recommend that Murphy's motion to dismiss (Paper 21) be GRANTED, and that this case be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 6th day of September, 2005.

<u>/s/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).